RuffiN, C. J.
 

 In no' aspect of the case, is the plaintiff entitled: whether Mrs. Brite was legitimate, or illegitimate, or whether she took under the will, or by descent from her father, or did not take at all. If she was illegitimate. as the plaintiff contends, then her brother Thomas, who is admitted to be a bastard, cannot inherit from Mrs. Brite’s legitimate daughter, according to the construction given to the 1 Oth rule of descents, by the majority of the Court in
 
 Sawyer
 
 v.
 
 Sawyer,
 
 6 Ired. 407. But, if that were otherwise, the Court is clearly of opinion, that the plaintiff cannot recover, because it was competent for the defendant to shew by witnesses, that Mrs. Brite was born in wedlock, so that, for that reason, her illegitimate brother Thomas, could not be her heir, or her daughter’s. For, the statement in the will, that the daughter Patsy was born before the testator married her mother is but a mistake in a part of the description of a devisee, who is otherwise sufficiently described and fully identified ; and such a mistake does not defeat the gift. Indeed, upon this point, the plaintiff is in a dilemma, and must fail, whether the illegitimacy of Mrs. Brite be, or be not, an essential part of her description. The will does not prove that she was illegitimate. It only describes her to be so. One, who claims to be a devisee, must by evidence
 
 aliunde,
 
 be brought within the description. If that be a material part of this description, then, to entitle Mrs. Brite under the will, the burden was on the plaintiff to bring her
 
 *42
 
 within the description, by shewing that she was born before the marriage of her parents, just as much as he was obliged to shew that this person was the daughter of the testator’s wife, was named Patsy, and was the wife of Charles Brite. Here, that was not and could not be done ; but, on the contrary, it was established to the satisfaction of the jury, that she was born, not before, but some years after, the marriage of the testator and her mother. Thus, Mrs. Brite did not answer that part of the description ; and, if it were indispensable, that the devisee should come up to every part of the description literally, she could not take under this will, nor her brother Thomas derive title through her. If Patsy did not take under the will, then the testator died intestate, as to that moiety of the land ; and in that event, the son Thomas did not succeed to it, as the heir of the testator, by reason of the illegitimacy of the son.
 

 But, the Court holds, clearly, that Mrs. Brite did take under her father’s will, being sufficiently identified as the person meant. It is true, that no part of a description is to be arbitrarily rejected, but every part of it is to be respected ; and especially when a person can be found, answering the whole description. But when there is no such person, and where the will, or other instrument, describes the party in several distinct particulars, by some of which that person may be certainly known from all others, then a mistake in some other one of those particulars will not defeat the disposition.
 
 Falsa demonstratio non nocet,
 
 is an ancient maxim applicable to such cases, provided there be enough to make the person certain before that was added, and to leave the person certain after rejecting the mistaken reference. That is the established rule of construction, in respect either of the designation of persons, or the description of things; and extrinsic evidence is necessarily resorted to in order to apply the designation or description to the persons claiming, or the things claimed. Many of the rules respecting bounda»
 
 *43
 
 ries are examples of preferring one part of the description, turning out to be true, to another part turning out to be untrue. The case of
 
 Proctor
 
 v.
 
 Pool,
 
 4 Dev. 370, is an instance of the application of the rule to a general description of the thing devised — the Court holding that the effect of the true description was not to be weakened by a further and unnecessary false description. The case of
 
 Standen
 
 v.
 
 Standen,
 
 2 Ves. Jr. 589, applied it to persons, and is a precedent perfectly apposite to the case in hand. There, the testator gave pecuniary legacies, and a moiety of his real estates, and of the residue of his personalty to
 
 “
 
 C. M. Standen, and C. E. Standen,
 
 legitimate
 
 son and daughter of Charles Standen.” Those persons •were in fact illegitimate. Yet it was held, that the wrong' description, in calling them legitimate, did not defeat the' gifts to them
 
 nomination;
 
 because their identity was sufficiently established by their names, according to Lord Bacon’s rule, that
 
 verítas nominis tollit errorem demonstra-tionis.
 
 Here, the daughter is e
 
 converso
 
 described as illegitimate, when she was legitimate, and the case falls directly within the principle. That false demonstration cannot hnrt; because there is no one to fill it, and because this person is further and sufficiently designated truly as being the daughter of the testator and his wifer and by her name of Patsy and her state as the wife of a man named Charles Brite. Those circumstances concurring. make it absolutely certain, what person was intended by the testator, and uphold the devise. The' daughter therefore, took under the will, and being legitimate, and her brother illegitimate, he could not inherit from her, nor trace a right to inherit through her.
 

 Per Curiam, ■Judgment affirmed;-